AO 245D (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case for Revocations - D Massachusetts (09/02)

# United States District Court
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**MARK RITA** | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 1: 12 CR 10045 - 001 - MLW<br><br>Mark Shea<br>Defendant's Attorney |

Date of Original/Amended Judgment:    9/12/2012

## THE DEFENDANT:

[x] admitted guilt to violation of condition(s) __3_____ of the term of supervision.
[x] was found in violation of condition(s) __1 and 2_____ after denial of guilt.

Accordingly, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | 1. The defendant shall not possess or use a computer or have any access to any online service without the prior approval of the Probation Office. | 12/13/12 |
| 2 | The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | 12/17/12 |
| 3 | The defendant is to reside for a period of six (6) months of probation in a Residential Re-entry Center, and shall observe the rules of that facility. | 12/13/12 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district with 30 days of any change of name, residence, or maling address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00-00-1968

Defendant's USM No.: 94404-038

Defendant's Residence Address:
Haverhill, MA

Defendant's Mailing Address:
Same as above

12/27/12
Date of Imposition of Judgment

*(signature)*
Signature of Judicial Officer
The Honorable Mark L. Wolf
Chief Judge, U.S. District Court
Name & Title of Judicial Officer

December 27, 2012
Date

AO 240D (Rev. 3/01) Judgment in a Criminal Case for Revocations: Sheet 2 - Imprisonment

CASE NUMBER:  1: 12 CR 10045 - 001 - MLW                           Judgment - Page 2 of 4
DEFENDANT:    MARK RITA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   24 month(s)

Prior to and until the defendant reports for surrender to the Bureau of Prisons, all of the terms of supervised release imposed in this Revocation Judgement shall apply and be in force. Additionally, until the defendant surrenders to the Bureau of Prisons to serve his sentence, the defendant shall be subject to a curfew from 9:00 p.m. to 5:00 a.m. and shall be placed on and monitored via electronic monitoring by Probation.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
   ☐ at _____ on _____
   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☒ before  12:00 pm  on  2/4/13
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245D (Rev. 3/01) Sheet 3 - Supervised Release

CASE NUMBER: 1: 12 CR 10045 - 001 - MLW
DEFENDANT: MARK RITA

Judgment - Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  6 year(s)

☒ See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

| | | |
|---|---|---|
| CASE NUMBER:<br>DEFENDANT: | 1: 12 CR 10045 - 001 - MLW<br>MARK RITA | Judgment - Page 4 of 4 |

## Continuation of Conditions of ☒ Supervised Release ☐ Probation

1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.

2. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register as a sex offender not later than 3 business days (from release or sentencing, if granted probation). The defendant will keep the registration current, in each jurisdiction where the defendant resides, is employed or is a student. The defendant shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information. Failure to do so may not only be a violation of this condition but also new federal offense punishable by up to 10 years imprisonment. In addition, the defendant must read and sign the Offender Notice and Acknowledgment of Duty to Register as a Sex Offender per the Adam Walsh Child Protection and Safety Act of 2006 form.

3. The defendant shall participate in a sexual specific evaluation or sex offender specific treatment, conducted by a sex offender treatment provider, as directed and approved by the Probation Office. The treatment provider shall be trained and experienced in the treatment of sexual deviancy, and follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The sexual specific evaluation may include psychological and physiological testing which may include plethysmograph, polygraph, ABLE screening, and other types of testing, as approved by the Probation Office. The defendant shall disclose all previous sex offender or mental health evaluations to the treatment provider. The defendant shall also contribute to the costs of the evaluation, according to his/her ability, as determined by the U.S. Probation Officer. When submitting to a polygraph exam, the defendant does not waive his or her Fifth Amendment rights, and the defendant's exercise of such rights will not give rise to a violation proceeding. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred, but may be considered in a hearing to modify release conditions and/or could initiate a separate investigation.

4. The defendant shall not possess or use a computer or have access to any online service without the prior approval of the Probation Office. The defendant's cooperation shall include but not be limited to allowing installation of a computer and internet monitoring program and/or identifying computer systems, internet-capable devices, and similar memory and electronic devices to which the defendant has access (except a computer owned by his employer and not located in his residence). The program(s) used will be designed to identify, for the probation office, only the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual nature, defined as Suspect Computer Use. Suspect Computer Use shall be identified by the installed program(s) and/or the probation officer through the screening of the defendant's computer usage for certain key words, phrases, and images. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay, as deemed appropriate by the Probation Office. The defendant shall not attempt to remove or otherwise defeat such systems, and shall allow the Probation Office to examine such computer and receive data from it at any reasonable time.

5. The defendant shall allow the Probation Office to install software (IPPC or other) designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on the computers the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant will pay any costs related to the monitoring of his/her computer usage.

6. The defendant shall advise anyone in his household that any computer in the household may be subject to computer monitoring.

7. The defendant is not to use a computer, intenet-capable device, or similar electronic device to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant is prohibited from entering chat rooms to send or receive "instant messages," or to send or receive email with attached electronic files through any electronic medium unless required for an express class assignment in an accredited educational institution or as an express job requirement for legal, outside employment. The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards.

8. The defendant shall disclose all online account information, including user names and passwords, to the Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his computer, as well as telephone, cable, or internet service provider billing records and any other information deemed necessary by the probation office to monitor the defendant's computer usage.

9. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access monitoring conditions, including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

10. Prior to accepting any form of employment, the defendant shall seek the approval of the Probation Office, in order to allow the Probation Office the opportunity to assess the level of risk to the community the defendant will pose if employed in a particular capacity.

11. The defendant is to pay the restitution imposed according to a repayment schedule to be proposed by the Probation Office as approved by the Court.

12. The defendant is to have read the Victim Impact Statements filed in this case by no later than August 31, 2012.